■ In the Matter of RICK SCOCOZZA, Petitioner, v THOMAS

A. COUGHLIN, as Commissioner of the Department of Correctional Services, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Essex County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

In concluding that petitioner was guilty of a temporary release violation and a urinalysis testing violation, the Hearing Officer relied on the misbehavior report of the correction officer who conducted the testing and his testimony that petitioner had concealed an eye drop bottle on his person and that the sample given to the officer was cold. The Hearing Officer also relied on petitioner's own admission that he had used the eye drop bottle to place liquid in the specimen container. This testimony, coupled with the misbehavior report, constituted substantial evidence to support the determination of guilt *(see, Matter of Bernacet v Coughlin,* 145 AD2d 802, *lv denied* 74 NY2d 603). Any conflicts in the testimony presented questions of credibility for the Hearing Officer to resolve *(see, Matter of De Torres v Coughlin,* 135 AD2d 1068, *lv denied* 72 NY2d 801). We have considered petitioner's remaining contentions and reject them as either unpreserved for review or lacking in merit.

Mahoney, P. J., Weiss, Levine and Mercure, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.