■ In the Matter of FRANCISCO LOPEZ, Appellant, v THOMAS A. COUGHLIN et al., Respondents. [615 NYS2d 921] —In a proceeding pursuant to CPLR article 78 to review a Superintendent's determination, dated September 6, 1991, made following a Tier III Superintendent's hearing, finding that the petitioner had used a controlled substance while in prison, and, as amended by a determination of the Commissioner of Correctional Services dated November 25, 1991, imposing a penalty, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Hillery, J.), entered July 16, 1992 which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner tested positive for opiate use in two separate tests. He was served with a misbehavior report in both English and Spanish, and, after a Tier III disciplinary hearing, was found guilty, as charged. After the determination had been affirmed on administrative appeal, with modification of the penalty imposed, the petitioner brought this proceeding to review the determination. The Supreme Court dismissed the petition.

The petitioner's contention that testing errors caused false positive results to be obtained is unsupported in the record.

The petitioner has failed to demonstrate that any errors occurred during the testing process which could have caused a false positive result *(see, Matter of Lahey v Kelly,* 71 NY2d 135, 143). The petitioner's further claim that the specimen bottle was not labeled at the time the specimen was taken, was specifically refuted by the testimony of the correction officer who collected the specimen. Moreover, the petitioner executed a form at the time the specimen was taken, in which he expressly acknowledged that the bottle was properly labeled. Any conflicts in the testimony in this regard merely presented questions of credibility for the Hearing Officer to resolve *(see, Matter of Scocozza v Coughlin,* 176 AD2d 987, 988).

Contrary to petitioner's contention, there is no requirement that a reviewing officer sign a misbehavior report *(see,* 7 NYCRR 251-2.2). The petitioner's claim that no reviewing officer approved the misbehavior report in this case is refuted by the record.

The petitioner's remaining contentions are either unpreserved for appellate review or lacking in merit *(see, Matter of Levi v Coughlin,* 185 AD2d 345). Lawrence, J. P., Altman, Friedmann and Krausman, JJ., concur.