■ In the Matter of BRADFORD APPLEGATE, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, et al., Respondents. [656 NYS2d 949] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent Commis-

sioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating certain prison disciplinary rules in connection with statements he allegedly made seeking to end the peaceful status of an inmate protest over a proposal to double bunk inmates. Contrary to petitioner's contentions, the findings of guilt are supported by substantial evidence. The testimony of the correction officers who authored the misbehavior reports corroborated the reports' versions of the events, as did the the testimony of the correction officers who allegedly actually heard petitioner make the statements. Petitioner's testimony and that of the inmates to the effect that he never made the statements merely raised questions of credibility for the Hearing Officer to resolve (see, *Matter of Lopez v Coughlin*, 207 AD2d 490). The same is true with respect to petitioner's claim that the reports were retaliatory in nature. Petitioner's remaining arguments on this point have been reviewed and similarly rejected for lack of merit.

We also reject petitioner's contention that the Hearing Officer erred in refusing his request for additional witnesses. The record fully supports the Hearing Officer's conclusion that the proposed testimony was either irrelevant or redundant (see, *Matter of Johnson v Coombe*, 228 AD2d 755). With respect to petitioner's contention that one of the misbehavior reports violated 7 NYCRR 251-3.1 (b) insofar as it was not endorsed by those employees with personal knowledge of the facts, we note that because petitioner has failed to show any actual prejudice as a result thereof, annulment is not warranted (see, *Matter of Colucci v Scully*, 173 AD2d 953). All of the correction officers who allegedly heard petitioner's statements testified at his hearing. Finally, we find nothing in the record to support petitioner's claim that the Hearing Officer was biased or that the outcome of the hearing flowed from the alleged bias (see, *Matter of Nieves v Coughlin*, 157 AD2d 943). Petitioner's remaining arguments have been considered and are rejected as unpersuasive.

Mikoll, J. P., White, Casey and Yesawich Jr., JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.