■ In the Matter of LOUIS GRAHAM, Petitioner, v DONALD SELSKY, as Director of the Special Housing/Inmate Disciplinary Program of the Department of Correctional Services, Respondent. [657 NYS2d 110] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing, petitioner, a prison inmate participating in a temporary release program, was found guilty of failing to comply with certain temporary release rules and regulations which required that he report absences from his employment to the Buffalo Day Reporting Center and that he conduct himself so as to avoid being a menace to his own safety or well-being. After the determination was affirmed upon administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking to annul the determination on the grounds that he did not receive adequate notice of the charges, that the determination was not supported by substantial evidence and that the Hearing Officer was biased.

We confirm. Initially, we reject petitioner's claim that he was not given adequate notice of the charges against him so that he could prepare for the hearing. The misbehavior report charged petitioner, *inter alia*, with violating the temporary release rule which required that "on the day of occurrence" he personally notify his employer and the Reporting Center of any absence from his employment. This is precisely the charge

of which petitioner was found guilty. We do not find that the statement made by Correction Center Assistant Dave Za Porowski to the Temporary Release Committee verifying that petitioner notified the Reporting Center on November 7, 1995 that he had been absent from work either conflicted with the misbehavior report charge or could have misled petitioner in such a way that he was prevented from adequately preparing for the hearing (see, Matter of Di Rose v Coombe, 233 AD2d 799).

Furthermore, upon our review of the record, we find that the determination is supported by substantial evidence. Petitioner testified that he was hospitalized on November 5, 1995 due to a self-inflicted prescription drug overdose. Although his hospitalization caused him to be absent from his employment, he admitted that he did not call the Reporting Center to advise it of his absence from work until November 7, 1995. We find that this testimony, combined with the misbehavior report and the testimony of Za Porowski, provide substantial evidence supporting the administrative determination (see, Matter of Scocozza v Coughlin, 176 AD2d 987). Petitioner's excuse that his medical condition prevented him from calling the Reporting Center presented only a credibility issue which the Hearing Officer was free to resolve against him (see, Matter of Foster v Coughlin, 76 NY2d 964, 966; Matter of Taylor v Commissioner of N. Y. State Dept. of Correctional Servs., 231 AD2d 766).

We have examined petitioner's remaining contention regarding the Hearing Officer's alleged bias and find it to be without merit. Our review of the record reveals that petitioner was afforded a fair and impartial hearing in all respects (see, Matter of Robles v Coombe, 234 AD2d 847).

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.