■ In the Matter of JUAN MARTINEZ, Petitioner, v JOSEPH COSTELLO, as Superintendent of Mid-State Correctional Facility, Respondent. [674 NYS2d 540] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner seeks to annul a determination that he violated inmate rule 113.12 (7 NYCRR 270.2 [B] [14] [iii]). An inmate misbehavior report was filed charging petitioner with possession of a controlled substance (marihuana) based upon the positive results of a SYVA Emit test and confirmatory test for cannabinoids. At the disciplinary hearing, a correction officer submitted documentation of the test procedures and results. Petitioner claimed that he was taking ibuprofen medication under the brand names Advil and Motrin and submitted documentary evidence indicating that such medication can produce false positive results for cannabinoids. However, the Hearing Officer properly relied upon the testimony of the facility nurse and one of the correction officers who performed the test, who had been trained by SYVA and had 11 years' experience in administering the test, that the medications taken by petitioner could not have caused a false positive result (*see, Matter of Lopez v Goord*, 242 AD2d 816; *Matter of Frazier v Coombe*, 224 AD2d 794, 795). That testimony and the documentary evidence of the test results constitute substantial evidence in support of the determination (*see, Matter of Lahey v Kelly*, 71 NY2d 135; *Matter of Lopez v Goord, supra; Matter of Murphy v Selsky*, 239 AD2d 724).

The Hearing Officer denied petitioner's request that a representative of SYVA be called as a witness to testify concerning medications that can produce a false positive result in the

SYVA Emit testing procedures. Because that testimony would have been cumulative to the documentation submitted by petitioner, petitioner was not thereby denied the right to call witnesses (*see, Matter of McCorkle v Coughlin*, 194 AD2d 1034; *Matter of Murray v Mann*, 193 AD2d 1038; *Matter of Sanchez v Irvin*, 186 AD2d 996, *lv denied* 81 NY2d 702).

There is no merit to the contention of petitioner that his urine specimen was contaminated or that respondent failed to establish a proper chain of custody with respect to it (*see, Matter of Lopez v Coughlin*, 207 AD2d 490, 491). Petitioner testified that he placed the lid on his specimen container before placing it in a box containing the specimen containers of other inmates. The correction officer who supervised the collection of specimen containers testified that the cup given to petitioner was labeled with his name and inmate number. Inmate witnesses testified that no other inmate was in their presence when each of them provided a specimen, put the lid on the container and placed it in the box of containers. Further, the chain of custody documentation indicates that petitioner's specimen container was in the custody of the correction officer who supervised the collection until it was delivered to the correction officer who performed the test. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Oneida County, Murad, J.) Present—Pine, J. P., Lawton, Wisner, Balio and Boehm, JJ.