■ In the Matter of ROBERT SIMS, Appellant, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [711 NYS2d 545] —Carpinello, J. Appeal from a judgment of the Supreme Court (Castellino, J.), entered July 6, 1999 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged with refusing a direct order, making threats, property damage and violent conduct as a result of an August 6, 1998 incident. According to the misbehavior report, petitioner, upon being told that certain legal documents he had requested were unavailable, threatened to break the jaw of a correction officer and subsequently ripped the bed frame and radiator from his cell wall, causing the cell gallery to flood, broke the feed-up hatch and observation window and destroyed a light cover, locker and window screen. Petitioner was found guilty of property damage and violent conduct and a penalty of 28 days' restricted diet and a $600 restitution fee was imposed. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to annul the determination on procedural grounds. Supreme Court dismissed the petition, prompting this appeal.

We affirm. Petitioner contends that he was denied the right to call various witnesses. The record plainly reveals, however, that petitioner refused to specifically identify these persons and/or the relevancy of their testimony and, thus, the Hearing Officer properly exercised his discretion in refusing to grant these requests (*see, Matter of Applegate v Coombe*, 237 AD2d 836). Likewise, the Hearing Officer's refusal to call certain identified officers and officials from the facility where the incident occurred was proper inasmuch as petitioner sought to use their testimony for irrelevant or redundant purposes (*see, Matter of Pabon v Coombe*, 249 AD2d 629).

Petitioner's claim that the Hearing Officer was biased is similarly belied by the record which reveals that the hearing was conducted in a fair and impartial manner and that the Hearing Officer generously accommodated petitioner's numerous requests for documents and witnesses, and provided him ample opportunity to question witnesses and comment on the charges against him. Moreover, petitioner has failed to demonstrate that the outcome of the hearing flowed from any alleged bias (*see, Matter of Nieves v Coughlin*, 157 AD2d 943).

We further find no support in the record for petitioner's claim

that his assistant was inadequate. The assistant promptly responded to petitioner's numerous requests and provided a credible explanation if a request could not be met. In any event, petitioner has failed to establish that any claimed inadequate assistance caused him prejudice (*see, Matter of Hernandez v Goord*, 268 AD2d 727; *Matter of Joyce v Goord*, 246 AD2d 926). Finally, we reject petitioner's assertion that the $600 restitution fee was unsupported by the record inasmuch as the Hearing Officer expressly derived the fee from the amount of property damage determined in the incident report—the only evidence in the record on this issue (*see, Matter of Seegars v Goord*, 245 AD2d 640, *lv denied* 91 NY2d 811).

We have examined petitioner's remaining contentions and find them to be lacking in merit.

Crew III, J. P., Spain, Graffeo and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.