■ In the Matter of CARLOS SANTIAGO, Petitioner, v DONALD SELSKY, as Director of Inmate Disciplinary Programs, et al., Respondents. [713 NYS2d 504] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Director of Temporary Release Programs removing petitioner from the temporary release program.

Petitioner, a prison inmate participating in a temporary release program (*see*, Correction Law art 26), was charged in a misbehavior report with violating temporary release program rules by being present in a bar past curfew and assaulting a patron. The charges stem from allegations that petitioner struck another person with a beer bottle at a bar in the City of Rome, Oneida County, at 12:15 A.M. on November 8, 1998. Proof at the ensuing disciplinary hearing included the affidavits of three eyewitnesses to the incident. Petitioner was found guilty of violating those provisions of his temporary release contract relating to curfews and engaging in conduct that is a menace to the safety of others. Notably, petitioner did not appeal this determination. His temporary release status was thereafter revoked based on his failure to comply with the temporary release program rules.

To the extent that petitioner challenges the disciplinary determination finding him guilty of violating temporary release program rules, the propriety of this determination is not properly before us (see, *Matter of Beyah v Leonardo*, 182 AD2d 868). As to the determination removing petitioner from the temporary release program, our review of the determination discerns no violation of any statutory requirement or denial of any constitutional right (see, *Matter of Dixon v Recore*, 271 AD2d 778). Nor is the determination affected by irrationality bordering on impropriety (see, *id.*). Thus, it will not be disturbed. Furthermore, contrary to petitioner's contention, the fact that a criminal assault charge arising out of the incident was dismissed does not warrant automatic reinstatement into the temporary release program (see generally, *People ex rel. Murray v New York State Bd. of Parole*, 70 AD2d 918, affd 50 NY2d 943).

Crew III, J. P., Graffeo, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.