■ In the Matter of BARABBAS HALL, Petitioner, v SHERYL ZENZEN, as Assistant Deputy Superintendent and Chair of the Temporary Release Committee, Rochester Correctional Facility, et al., Respondents. [798 NYS2d 801]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations which found petitioner guilty of violating certain prison disciplinary rules and revoked his participation in a temporary release program.

Petitioner was a participant in the Day Reporting Program (hereinafter DRP) while he was incarcerated in a state correctional facility. Involvement in the DRP is a privilege extended to qualifying inmates which allows them to reside at an approved residence away from the correctional facility with certain restrictions, including abstinence from alcohol (see 7 NYCRR 1925.2, 1926.3). In January 2004, petitioner was charged in a misbehavior report with violating temporary release rules and using alcohol. Following a tier III disciplinary hearing, petitioner was found guilty, upon his plea, of both charges. His temporary release status was thereafter revoked based upon his failure to comply with the temporary release program rules. Following an unsuccessful administrative appeal, this CPLR article 78 proceeding ensued.

Initially, having pleaded guilty to violating temporary release rules and using alcohol, petitioner is precluded from now challenging these findings on substantial evidence grounds (see Matter of Cannon v Artus, 18 AD3d 993, 994 [2005]; Matter of Harrison v Selsky, 2 AD3d 1232, 1232-1233 [2003]). Turning to the balance of petitioner's contentions, we are unpersuaded by his assertion that the revocation of his temporary release status was unlawful because he was not subject to temporary release program rules as a participant in the DRP. Inmates participating in the DRP must successfully complete temporary work

release and temporary furlough programs before entering the DRP (see 7 NYCRR 1925.2 [a], [b]; Matter of Graham v Selsky, 238 AD2d 828 [1997]), and their privileges are thereafter subject to the rules and regulations of the continuous temporary release program (see 7 NYCRR 1926.3, 1927.2 et seq.).

Likewise, although petitioner was residing outside of the correctional facility when the misbehavior report was issued, we are unpersuaded by his claim that he was beyond the reach of temporary release program rules for that reason. Inmates participating in the DRP "shall be at all times in the custody of the department of correction" (Correction Law § 73 [1]), and the record reveals that petitioner signed a memorandum of agreement, as well as a copy of DRP rules, notifying him that he would remain in the custody and supervision of the Department of Correctional Services during his release.

Finally, petitioner was not entitled to a full hearing before his temporary release status was revoked inasmuch as the underlying disciplinary hearing had been sustained (see 7 NYCRR 1904.2 [h], [k]). As we discern no violation of any statutory requirement or denial of any constitutional right in petitioner's removal from the temporary release program, nor do we find that the determination is affected by irrationality bordering on impropriety (see Matter of Santiago v Selsky, 275 AD2d 829, 830 [2000]), the determination will not be disturbed.

We have examined petitioner's remaining contentions and find them to be without merit.

Cardona, P.J., Mercure, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.