In the Matter of JUSTIN CONSTANTINO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [824 NYS2d 468]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Director of Temporary Release Programs removing petitioner from the temporary release program.

Petitioner, a prison inmate participating in the temporary release program, tested positive for cocaine and, as a result, was suspended from the program. Rather than face a disciplinary proceeding, he requested and was granted acceptance into an alcohol and substance abuse relapse program. Petitioner was required to successfully complete the relapse program before becoming eligible to continue in the temporary release program. He ultimately received an unsatisfactory relapse program evaluation based upon his continuous poor behavior and performance. Petitioner was thereafter referred to the Temporary Release Committee for a formal hearing to determine whether such problems warranted his removal from the temporary release program. Following the hearing, petitioner's temporary release status was revoked. That determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Inasmuch "[a]s we discern no violation of any statutory requirement or denial of any constitutional right in [connection with] petitioner's removal from the temporary release program, nor do we find that the determination [removing him was] affected by irrationality bordering on impropriety," we confirm (*Matter of Hall v Zenzen*, 20 AD3d 840, 841 [2005]; *see Matter of Santiago v Selsky*, 275 AD2d 829, 830 [2000]). The record reveals that, at various points throughout his participation in the relapse program, petitioner exhibited a counterproductive attitude and demonstrated inappropriate behavior. In addition, petitioner conceded that he violated facility rules by making an unauthorized telephone call. Accordingly, he received a mid-program evaluation indicating that he needed improvement in several areas and a final evaluation indicating that his participation was unsatisfactory. Contrary evidence presented and

purported innocent explanations offered by petitioner created credibility issues for the Temporary Release Committee to resolve (*see Matter of Paige v Goord*, 19 AD3d 908, 909 [2005]). As the determination removing petitioner from the temporary release program for failure to satisfactorily complete the relapse program was rationally based, it will not be disturbed.

Petitioner's remaining contentions, to the extent preserved and not otherwise addressed herein, have been examined and found to be without merit.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.