■ In the Matter of JOHN HEMPHILL, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [808 NYS2d 503]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Based on a confidential tip that petitioner was returning from the correctional facility recreation yard with a weapon, a correction officer conducted a pat frisk on petitioner. When the correction officer felt something in petitioner's front pocket and asked what it was, petitioner took his right hand off the wall. As a result, the correction officer took petitioner to the floor and secured him in a leg hold. A 1½-inch razor was found in petitioner's right front pocket. Petitioner was charged in a misbehavior report with failure to comply with a frisk and possession of a weapon. A subsequent search of petitioner's cell resulted in a second misbehavior report charging petitioner with violating the prison disciplinary rules which prohibit possession of an authorized item which has been altered from its original intent or purpose, possession of contraband, possession of stolen property and altering or tampering with an electrical device. The misbehavior report related that an altered heating element with an altered wire was confiscated from petitioner's cell, along with a television that belonged to another inmate and a small stone which could be used to sharpen a weapon. Petitioner was found guilty of all charges after a combined disciplinary hearing. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

To the extent that petitioner challenges the first misbehavior report, the misbehavior report, supporting memoranda and testimony at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Vines v Goord,* 19 AD3d 951 [2005]). Contrary to petitioner's contention, there was no need for the hearing officer to assess the confidential information received by the correction officer leading to the frisk of petitioner inasmuch as the misbehavior report and determination of guilt resulted from the discovery of the weapon found in petitioner's pocket and not from the confidential information (*see Matter of Folk v Goord,* 307 AD2d 500, 501 [2003]).

Turning to the second misbehavior report, we note that petitioner's plea of guilty to possession of contraband pursuant to 7 NYCRR 270.2 (B) (14) (xiv) in connection with having a

television belonging to another inmate precludes him from raising a substantial evidence challenge to that part of the determination (*see Matter of Cody v Goord,* 17 AD3d 943 [2005]). With respect to the remaining charges, however, we agree with petitioner's contention that there was insufficient evidence to support the determination. Although the misbehavior report apprised petitioner of the charges, it was not sufficiently detailed, by itself, to "constitute the type of relevant proof that a reasonable mind would accept as adequate to support the determination at issue" (*Matter of Lopez v Coombe,* 229 AD2d 639, 639 [1996]). Other than the conclusory statements in the misbehavior report and petitioner's denial of the charges, there was no evidence or testimony to substantiate how the items were tampered with or altered, or if the television was stolen. Inasmuch as the penalty included a recommended loss of good time, the matter must be remitted to the Commissioner of Correctional Services for a redetermination of the penalty with respect to the remaining charges (*see Matter of Pabon v Goord,* 6 AD3d 833 [2004]). Petitioner's remaining contentions, to the extent they have been preserved, have been reviewed and found to be without merit.

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possession of an authorized item which has been altered so as to change its original intent or purpose, possession of stolen property and altering or tampering with an electrical device, and as imposed a penalty; petition granted to that extent, the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record, and matter remitted to the Commissioner of Correctional Services for an administrative redetermination of the penalty imposed on the remaining violation; and, as so modified, confirmed.