■ In the Matter of STEVEN GAROFOLO, Petitioner, v RAYMOND CUNNINGHAM, as Superintendent of Woodbourne Correctional Facility, et al., Respondents. [825 NYS2d 562]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Superintendent of Woodbourne Correctional Facility which found petitioner guilty of violating a prison disciplinary rule.

Petitioner worked as a facilitator for a transitional services program offered to inmates at the correctional facility where he was incarcerated. In connection with his duties, petitioner designed flip charts illustrating concepts taught in the program. He took these charts with him when he resigned from his position. As a result, petitioner was charged in a misbehavior report and found guilty of possessing stolen property following a tier II disciplinary hearing. Petitioner commenced this CPLR article 78 proceeding after the determination was affirmed on administrative appeal.

The flip charts at issue were reproductions of charts in petitioner's possession prior to his involvement in the transitional services program. It is undisputed that petitioner carried the charts back and forth with him to the program each day that he taught his class. For reasons not relevant here, petitioner forwarded a memo to his program supervisor and others indicating his resignation from the program and that he intended to clear out his materials by the completion of the program cycle. A few days later, petitioner sent a follow-up letter to his program supervisor clarifying that he would be "removing the illustrative posters I designed from the office"; he received no response to this letter. The next day, a member of the program committee acknowledged receipt of petitioner's letter of resignation, never indicating that petitioner was not permitted to take any materials that he designed. Petitioner told the committee member that he would finish the last few classes of the current class cycle. Accordingly, petitioner went to teach the class the following day, carrying the flip charts. When he was informed that the class was canceled, petitioner returned to his cell with the flip charts, intending to bring them back to class each day until the end of the cycle. Petitioner also testified that he intended to talk with his supervisor at the conclusion of the cycle to see whether the charts could be used in other capaci-

ties for a continuance of the program. Based on this unrefuted testimony, the record lacks substantial evidence to support the finding that petitioner intended to possess stolen property (*see Matter of Plummer v O'Keefe*, 240 AD2d 827, 827 [1997]), or that the property was even stolen.

Crew III, J.P., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and respondents are directed to expunge all references to this matter from petitioner's institutional record.