In the Matter of FRANK FRATELLO, Petitioner, v J. FARRELL, as Superintendent of Wallkill Correctional Facility, Respondent. [853 NYS2d 748]—

Lahtinen, J.

A search of petitioner's prison cell recovered an altered electrical wire, an AM/FM radio and an "off duty permit" card signed by a facility deacon allowing petitioner to possess the radio. As a result, petitioner was charged in a misbehavior report with possession of contraband, unauthorized exchange and tampering with an electrical device. A tier II disciplinary hearing ensued, during which the deacon testified that he signed the permit card authorizing petitioner to use the radio. Although the Hearing Officer noted that the deacon did not have the authority to issue permission for use of the radio, he nevertheless found petitioner not guilty of possession of contraband and unauthorized exchange. Petitioner was, however, found guilty of tampering with an electrical device. The determination was affirmed upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

We must annul the determination. The prison disciplinary rule that petitioner was found guilty of violating states that "[a]n inmate shall not alter, rewire, tamper or attempt to repair electrical outlets or any electrical device" (7 NYCRR 270.2 [B] [19] [ix]). A review of the hearing transcript fails to definitively indicate that the source or purpose of the electrical wire was ever established. Absent such proof, it cannot be concluded that petitioner actually tampered with an electrical outlet or device. Thus, the requisite substantial evidence supporting the determination of guilt is lacking (*see Matter of Garofolo v Cunningham*, 34 AD3d 1071, 1073 [2006]). Given our disposition, petitioner's contention that the misbehavior report was deficient is academic.

Mercure, J.P., Spain, Rose and Kavanagh, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and the Commissioner of Correctional Services is directed to expunge all references to this matter from petitioner's institutional record.