■ In the Matter of CURTIS NIMMONS, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [926 NYS2d 194]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a search of petitioner's cube, he was charged in a misbehavior report with possession of contraband, stolen property and altered property, misuse of state property and unauthorized exchange, organizational activity and assembly.

Petitioner was found guilty of all charges following a tier III disciplinary hearing. That determination was upheld on administrative appeal with a reduction in the penalty assessed, and petitioner thereafter commenced this CPLR article 78 proceeding.

The detailed misbehavior report, supporting documentation and petitioner's admissions during the hearing provide substantial evidence to support the determination with regard to the charges of unauthorized organizational activity and assembly (*see Matter of Flemming v Fischer*, 74 AD3d 1693, 1694 [2010]; *Matter of Pertillar v Fischer*, 64 AD3d 1029, 1030 [2009]). Petitioner admitted that he possessed confiscated documents that detailed meetings that he had convened with other inmates with regard to a religion of which petitioner is not a registered member. We further conclude that substantial evidence supports the determination with respect to the charges of possession of altered property and contraband, inasmuch as petitioner admitted during the hearing that he possessed, among other things, a radio that had been repaired with tape, as well as microfilms and cassette tapes with metal screws (*see Matter of Wheeler-Whichard v Fischer*, 69 AD3d 1286, 1287 [2010]; *Matter of McMoore v Bezio*, 63 AD3d 1463, 1464 [2009], *lv denied* 13 NY3d 707 [2009]).

However, we find that the remaining charges are not supported by substantial evidence. Although petitioner was in possession of several items that he was not permitted to have, no evidence was introduced that petitioner stole any of the items or possessed stolen property; that he destroyed or intentionally damaged property belonging to others; that he lost, destroyed, stole, misused, damaged or wasted any state property; or that he acquired any of the property by virtue of an unauthorized exchange (*see generally Matter of Fratello v Farrell*, 49 AD3d 1115, 1116 [2008]; *Matter of Garofolo v Cunningham*, 34 AD3d 1071, 1072-1073 [2006]). As such, that part of the determination finding him guilty of those charges must be annulled. Given that the penalty included a recommended loss of good time, the matter must be remitted for a redetermination of the penalty (*see Matter of Genis v New York State Dept. of Correctional Servs.*, 80 AD3d 1032, 1033 [2011]).

Mercure, J.P., Peters, Rose, Kavanagh and Garry, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possession of stolen property, misuse of state property and unauthorized exchange; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's

institutional record and matter remitted to respondent for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.