## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  July 31, 2014                  517404
_____

In the Matter of BRAD WHITE,
                    Petitioner,

            v                                MEMORANDUM AND JUDGMENT

DARWIN LaCLAIR, as
    Superintendent of Franklin
    Correctional Facility,
    et al.,
                    Respondents.
_____

Calendar Date:   June 9, 2014

Before:  Lahtinen, J.P., Stein, Garry, Egan Jr. and Devine, JJ.

_____

        Brad White, Gouverneur, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondents.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

        Petitioner's ex-wife filed a complaint with the State Police alleging that petitioner, who is a prison inmate, had violated an order of protection prohibiting him from having contact with their three children.  During the ensuing investigation, it was discovered that petitioner had placed a telephone call to his father's residence during which he spoke to one of the children.  There was a Family Court order in effect at the time prohibiting such contact, and the children's names had

also been placed on the negative correspondence and telephone list.  As a result of this incident, petitioner was charged in a misbehavior report with communicating with a person who is the subject of an order of protection and violating facility telephone procedures.  Following a tier III disciplinary hearing, he was found guilty of the charges and the determination was affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm.  Substantial evidence, consisting of the detailed misbehavior report, related documentation and petitioner's testimony in which he admitted to making the telephone call at issue, supports the determination of guilt (see Matter of Nimmons v Fischer, 85 AD3d 1460, 1461 [2011]; Matter of Flemming v Fischer, 74 AD3d 1693, 1694 [2010]).  Although petitioner maintains that the order precluding his contact with his children was no longer in effect, this is belied by the documentary evidence in the record.  Moreover, to the extent that petitioner claims that he was unaware that the children's names were on the negative correspondence and telephone list and that he did not know if the child to whom he was speaking was covered by the order of protection, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Gallagher v New York State Dept. of Correctional Servs., 96 AD3d 1319, 1320 [2012]).  Petitioner's remaining contentions have been reviewed and found to be without merit.  We find no reason to disturb the determination at issue.

Lahtinen, J.P., Stein, Garry, Egan Jr. and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court