*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014                518991
_____

In the Matter of MIGUEL A.
    SANTIAGO,
                        Petitioner,

            v                                MEMORANDUM AND JUDGMENT

ROBERT F. CUNNINGHAM, as
    Superintendent of Woodbourne
    Correctional Facility,
                        Respondent.
_____

Calendar Date:  September 16, 2014

Before:  Peters, P.J., Lahtinen, McCarthy, Garry and Devine, JJ.

_____

        Miguel A. Santiago, Woodbourne, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

        During the search of a refrigerator shared by multiple inmates, a correction officer found a net bag belonging to petitioner that contained food items that had been stolen from the kitchen.  As a result, petitioner was charged in a misbehavior report with smuggling, stealing, wasting food and possessing stolen property.  Following a tier II disciplinary hearing, he was found guilty of possessing stolen property.  The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Upon reviewing the record, we do not find that the determination is supported by substantial evidence. Petitioner testified that he gave another inmate permission to put food in his net bag and that he had no idea what the inmate put in there. The inmate who put the food in petitioner's net bag corroborated petitioner's story and indicated that he did not disclose what he had put in the bag. Under these circumstances, there is no evidence to establish that petitioner intended to possess stolen property or had any knowledge that the property was stolen (see Matter of Garofolo v Cunningham, 34 AD3d 1071, 1072-1073 [2006]; Matter of Whitfield v Fischer, 291 AD2d 504, 504-505 [2002]; compare Matter of Tusa v Bezio, 70 AD3d 1159, 1159 [2010]). Accordingly, the determination must be annulled.

Peters, P.J., Lahtinen, McCarthy, Garry and Devine, JJ., concur.

ADJUDGED that the determination is annulled, without costs, petition granted, and respondent is directed to expunge all references thereto from petitioner's institutional record.

ENTER:

Robert D. Mayberger
Clerk of the Court