State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  December 1, 2016                     522682
_____

In the Matter of LUIS CINTRON,
                    Petitioner,

            v                              MEMORANDUM AND JUDGMENT

MICHAEL KIRKPATRICK, as
    Superintendent of Clinton
    Correctional Facility,
                    Respondent.
_____

Calendar Date:  October 25, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Aarons, JJ.

                    _____


        Luis Cintron, Ossining, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with possession of contraband and possession of stolen property after a search of his cell uncovered 19 state garbage bags in the bottom of petitioner's locker and five library books.  Petitioner was found guilty of both charges following a tier II disciplinary hearing and that determination was affirmed upon administrative appeal.  This CPLR article 78 proceeding ensued.

        To the extent that petitioner asserts that he did not plead guilty to possession of contraband, the hearing transcript and

signed hearing record sheet belie that contention. Given that petitioner admitted to possessing the garbage bags and entered a guilty plea to the charge of possession of contraband, "he is precluded from challenging the determination of guilt with respect to that charge" (Matter of Smith v Fischer, 85 AD3d 1481, 1482 [2011]; see Matter of Hemphill v Selsky, 26 AD3d 548, 549-550 [2006]).

With regard to the charge of stealing state property, we do not find that there is substantial evidence to support the determination of guilt. Although petitioner admitted to possessing a large number of garbage bags, neither the misbehavior report nor any evidence at the hearing establish that petitioner stole the bags. Similarly, the fact that books were found in petitioner's cell without any additional information does not establish that petitioner stole the books. Petitioner's explanation as to why he possessed the books was not refuted by any evidence, including the sparse, conclusory information set forth in the misbehavior report. Under these circumstances, there is no evidence to establish that the items discovered in petitioner's cell were in fact stolen (see Matter of Santiago v Cunningham, 121 AD3d 1495, 1495-1496 [2014]; Matter of Nimmons v Fischer, 85 AD3d 1460, 1461 [2011]; Matter of Hemphill v Selsky, 26 AD3d at 550). Because petitioner has already served the penalty and no loss of good time was imposed, the matter need not be remitted for a redetermination of the penalty (see Matter of Vega v Prack, 141 AD3d 1059, 1060 [2016]).

McCarthy, J.P., Egan Jr., Rose, Devine and Aarons, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of stealing state property; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court