■ In the Matter of EDMOND PENA, Appellant, v GLENN GOORD, as Commissioner of Correctional Services, Respondent. [694 NYS2d 787] —Appeal from a judgment of the Supreme Court (Keegan, J.), entered February 13, 1998 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as moot.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of violating various prison disciplinary rules, including the rules prohibiting absconding from a temporary release program and violating the procedures and time limits of said program. Petitioner's guilt was affirmed upon his administrative appeal, prompting him to commence this CPLR article 78 proceeding raising various procedural challenges related to the conduct of the hearing. The relief requested by petitioner included annulment and expungement of any reference to these charges from his institutional records. Rather than serving an answer, respondent moved to dismiss the petition as moot based on the fact that petitioner was subsequently released to parole supervision. Supreme Court granted the motion and petitioner appeals, claiming that the matter is not moot due to possible adverse consequences that could accrue to him based upon the determination of guilt on his institutional record.

We reverse. Although respondent dismisses petitioner's concerns as speculative, we find, as we have in the past when confronted with this issue, that the challenge to the disciplinary determination cannot be considered moot despite the fact that petitioner has been released from custody, inasmuch as he "is entitled to have an institutional record free from improperly

obtained findings of disciplinary rule violations" (*Matter of Grant v Senkowski*, 146 AD2d 948, 949; *see*, *Matter of Walker v Senkowski*, 260 AD2d 830, 831; *see also*, *Matter of Crosson v Coughlin*, 197 AD2d 864, 865; *cf.*, *Matter of Alstranner v Selsky*, 238 AD2d 658; *Matter of Montalvo v Selsky*, 219 AD2d 752; *Matter of Boodro v Coughlin*, 142 AD2d 820). Thus, the petition must be reinstated and the matter remitted to Supreme Court to afford respondent the opportunity to answer the petition on the merits.

Mercure, J. P., Crew III, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, motion denied and matter remitted to the Supreme Court where respondent will be permitted to serve an answer within 20 days of the date of this Court's decision.