■ In the Matter of Darryl M. Knickerbocker, Petitioner, v Glenn S. Goord, as Commissioner of the Department of Correctional Services, et al., Respondents. [715 NYS2d 454] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rules that prohibit inmates from possessing gang-related items and materials that depict or describe the construction of explosive devices. According to the misbehavior report, the objectionable documents were discovered in a folder in the course of a frisk of petitioner's cell. The folder included drawings and symbols related to a white supremacist group and directions on how to make a "shrap-wick grenade." The determination of guilt was affirmed

upon petitioner's administrative appeal prompting the commencement of this CPLR article 78 proceeding.

We confirm. Contrary to petitioner's contention, we find that the misbehavior report, combined with the testimony of a correction officer trained in identifying unauthorized organization material, provide substantial evidence of petitioner's guilt (*see, Matter of Feliciano v Selsky*, 263 AD2d 810). Notably, upon review of the record, we reject petitioner's various claims that the determination must be annulled because the subject items are his "personal artwork" and that his constitutional rights have been violated (*see, Matter of Ernest v Goord*, 258 AD2d 747, 748, *lv dismissed* 93 NY2d 944).

Turning to petitioner's procedural arguments, we find no merit to his contention that he was denied his right to present relevant documentary evidence (*see, Matter of Pulecio v Goord*, 274 AD2d 786). Similarly, the Hearing Officer properly denied petitioner's request to call a witness who could not provide information relevant to the subject charges (*see, Matter of Cunningham v Goord*, 274 AD2d 814). We also find no evidence to support petitioner's assertion of Hearing Officer bias, and, in any event, petitioner has failed to establish that the outcome of the hearing flowed from the alleged bias (*see, Matter of Sims v Goord*, 274 AD2d 701).

Petitioner's remaining arguments, including his allegation that he was improperly denied the opportunity to cross-examine a witness, have been examined and found to be unpersuasive.

Mercure, J. P., Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.