■ In the Matter of JAMES TAYLOR, Petitioner, v THOMAS POOLE, as Superintendent of Gouverneur Correctional Facility, Respondent. [753 NYS2d 212] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review·a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting the unauthorized possession of a controlled substance after his urine tested positive for the presence of marihuana. Substantial evidence of petitioner's guilt was presented in the form of the misbehavior report, prepared by the correction officer who conducted the urinalysis laboratory tests, together with the positive test results and their supporting documentation (*see Matter of Willingham v Goord*, 296 AD2d 792, 793; *Matter of Taylor v Taylor*, 290 AD2d 778).

To the extent that petitioner contends that he cannot properly be found guilty of using marihuana because he was not issued a copy of the 1998 revised edition of the "Department of Correctional Services Standards of Inmate Behavior Rule Book," the first edition of the rule book to include rule 113.24, which prohibits inmates from the unauthorized use of either "narcotics" or "controlled substances," we find this argument to be unavailing. Inmates are prohibited from using "controlled substances" in the current and previous editions of the rule book (petitioner admits to owning the 1991 and 1996 edi-

tions), and marihuana is defined by statute as a "controlled substance" (*see* Public Health Law § 3306 [Schedule I (d) (13)]). Hence, petitioner was on notice that this conduct was prohibited at the time he perpetrated it. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.