■ In the Matter of CARLOS CAMPOVERDE, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [779 NYS2d 841]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following an investigation prompted by the discovery of a copy of gang rules found in a common area of the prison, petitioner's cell was searched and he was charged with possession of unauthorized organizational material and possession of an unauthorized identification card. According to the misbehavior report, a photograph with gang-related symbols was found in petitioner's cell and, after comparing handwritten papers from petitioner, it was concluded that he was the author of the gang rules found in the common area. In addition, an extra identification card was found in petitioner's cell.

Contrary to petitioner's assertion, the misbehavior report, testimony from the correction officer who authored the misbehavior report and was trained in gang-related insignia, the comparison of petitioner's handwriting and his plea of guilty to possession of the unauthorized identification card provide

substantial evidence to support the determination of guilt (*see Matter of Surdis v Walsh*, 295 AD2d 735, 736 [2002]). To the extent that petitioner challenges the handwriting analysis, it was within the purview of the Hearing Officer, absent expert testimony, to draw his own conclusion upon comparing the handwriting samples (*see Matter of Roman v Goord*, 272 AD2d 695 [2000]).

Petitioner's contention that he was inappropriately denied the right to view the cell search is without merit. Because petitioner was in the state shop at the time of the search and was not removed from his cell, it was not required that he be present (*see Matter of Lopez v Selsky*, 300 AD2d 975 [2002], *lv denied* 100 NY2d 509 [2003]). Petitioner's remaining contentions are either without merit or unpreserved for our review.

Cardona, P.J., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.