■ In the Matter of TIMOTHY WILLIAMS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [785 NYS2d 615]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of violating the prison disciplinary rules prohibiting the possession of unauthorized organizational material and failing to comply with frisk procedures. The first misbehavior report relates that on the morning of February 17, 2003, during a cell frisk, petitioner ignored several directives to come out of his cell so that he could be frisked. The second report relates that on the same day, approximately one hour later, a search by correction offi-

cers of petitioner's cell disclosed three envelopes containing six letters which appeared to be gang-related material.

To the extent petitioner raises a substantial evidence issue, we find that the misbehavior reports and videotape, together with the testimony of the correction officer who prepared the reports based upon his direct participation in the incidents and the testimony from a second officer trained in recognizing gang-related material, constitute substantial evidence to support the determination (*see Matter of Otero v Selsky,* 9 AD3d 631, 632 [2004]; *Matter of Campoverde v Selsky,* 9 AD3d 722, 722-723 [2004]). Any inconsistencies in the hearing testimony created a credibility issue for resolution by the Hearing Officer (*see Matter of Wai Ng v Goord,* 285 AD2d 791, 791 [2001], *lv dismissed and denied* 97 NY2d 671 [2001]).

Turning to petitioner's procedural arguments, we reject the claim that he was not served with copies of the misbehavior reports at least 24 hours before the March 3, 2003 Superintendent's hearing (*see* 7 NYCRR 254.6 [a] [1]). The case data sheet and the hearing record sheet contained in the record indicate that petitioner was served with copies of the misbehavior reports on February 18, 2003. Also, the Hearing Officer provided petitioner with a second copy of the reports and adjourned the hearing for a couple of days to provide him an opportunity to review them, thereby curing any possible defect in notice (*see Matter of Johnson v Goord,* 297 AD2d 881, 882 [2002]). Similarly, we reject petitioner's claim that the Hearing Officer denied him a fair hearing by refusing to call as a witness the correction officer who served him on February 18, 2003 to prove his contention that he was not served on that day, given the fact that petitioner was served a second time (*see* 7 NYCRR 254.5 [a]).

Petitioner's contention that he was denied the opportunity to select an inmate assistant is belied by the record which reveals that petitioner picked a particular employee to assist him and he met with him on February 19, 2003 to discuss the incident. Petitioner's remaining arguments, including hearing officer bias and the sufficiency of the misbehavior reports, have been examined and found to lack merit.

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.