In the Matter of ANTHONY MEDINA, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [814 NYS2d 828]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

In December 2004, petitioner, a prison inmate, was charged with refusing a direct order and refusing to comply with urinalysis testing procedures. Following a tier III disciplinary hearing, he was found guilty of both charges. In January 2005,

petitioner was charged with violating the same prison disciplinary rules in connection with a separate incident and was found guilty following a tier III disciplinary hearing. Upon administrative review respondent affirmed both determinations, prompting this proceeding.

Our review of the record confirms that it contains substantial evidence supporting both determinations (*see Matter of Infante v Selsky*, 21 AD3d 633, 634 [2005]; *Matter of Thompson v Selsky*, 289 AD2d 809, 809 [2001]; *Matter of Cunningham v Goord*, 274 AD2d 814, 814 [2000]). The December 2004 misbehavior report, testimony of the authoring correction officer and petitioner's own testimony indicate that when petitioner claimed to be unable to provide a urine sample the correction officer directed him to go to the shower room to be detained and observed until he was able to provide the sample. Petitioner refused to follow these orders and continued his refusal despite notification pursuant to 7 NYCRR 1020.4 (c) that his refusal could incur the same disciplinary consequences as a positive test result. The January 2005 misbehavior report and hearing testimony reflect that petitioner initially complied with several instructions given to him by the correction officer, but ultimately refused to submit his urine sample as directed despite being warned that his failure to comply could lead to the same disciplinary action as a positive test result. Evidence submitted by petitioner that he had difficulty hearing the correction officer's directions created a credibility issue for the hearing officer to resolve (*see Matter of Infante v Selsky, supra* at 634; *Matter of Williams v Goord*, 13 AD3d 760, 761 [2004]; *Matter of Thompson v Selsky, supra* at 809).

We are also not persuaded by petitioner's various procedural complaints. In particular, the record indicates that petitioner was timely served with the January 2005 misbehavior report. In any event, petitioner was provided with a copy of the misbehavior report during the hearing and has failed to demonstrate any prejudice caused by any delay in his receipt of the report (*see Matter of Williams v Goord, supra* at 761). Petitioner's remaining arguments, including the alleged bias of the hearing officers, have been considered and found to be without merit.

Crew III, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.