█ In the Matter of JOSEPH PARKS, Petitioner, v JOSEPH T. SMITH, as Superintendent of Shawangunk Correctional Facility, Respondent. [853 NYS2d 710]—

Petitioner was charged in a misbehavior report with soliciting goods or services, possessing unauthorized organizational materials and failing to comply with facility correspondence procedures. At the conclusion of the tier II disciplinary hearing that followed, petitioner was found guilty of possessing unauthorized organizational materials—namely, a photograph of himself depicting a gang symbol—and not guilty of the remaining charges, and a penalty was imposed. That determination was affirmed upon administrative appeal, prompting petitioner to commence this proceeding pursuant to CPLR article 78 seeking to annul the underlying determination.

We confirm. The misbehavior report, together with the photograph of petitioner and the testimony of a senior counselor trained in identifying gang-related materials, provides substantial evidence of petitioner's guilt (*see Matter of Williams v Goord*, 13 AD3d 760, 761 [2004]; *Matter of Campoverde v Selsky*, 9 AD3d 722, 722-723 [2004]; *Matter of Delos Santos v*

*Goord*, 4 AD3d 709, 710 [2004]; *Matter of Knickerbocker v Goord*, 276 AD2d 1008 [2000]; *Matter of Feliciano v Selsky*, 263 AD2d 810, 810-811 [1999]). Petitioner's testimony that the hand gesture at issue constituted a form of meditation used in the practice of his religion presented a credibility issue for the Hearing Officer to resolve (*see Matter of Smith v Goord*, 45 AD3d 1119 [2007]). As for the senior counselor's failure to endorse the misbehavior report, this omission is not fatal as the counselor's name and position appear on the face of the misbehavior report, petitioner had the opportunity to question this individual at the hearing and petitioner has failed to demonstrate any resultant prejudice (*see Matter of Winbush v Goord*, 6 AD3d 821, 822 [2004]; *see also Matter of Blackwell v Goord*, 12 AD3d 816, 817 [2004]). Finally, our review of the record discloses no evidence of hearing officer bias or any indication that the underlying determination flowed from such alleged bias (*see Matter of Burgess v Goord*, 45 AD3d 1144 [2007]; *Matter of Witkowski v Goord*, 45 AD3d 1068, 1069 [2007]).

Mercure, J.P., Peters, Spain, Kane and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.