■ In the Matter of JAMES McMOORE, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [884 NYS2d 267]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner worked as a law clerk in the prison law library. During a random search of the library, including petitioner's desk and locker, a correction officer discovered a number of documents that petitioner should not have had in his possession. These included departmental documents belonging to correction officials, letters authored by petitioner and addressed to the Board of Parole in which he impersonated family members as well as correction officials, and numerous religious documents that he had been directed to store in another place. As a result, petitioner was charged in a misbehavior report with nine prison disciplinary rule violations. Following a tier III disciplinary hearing, he was found guilty of possessing property in an unauthorized area, refusing a direct order, impersonation and

possessing departmental documents without authorization. The determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Petitioner pleaded guilty with explanation to the charges of refusing a direct order, possessing property in an unauthorized area and impersonation. In view of this, he is precluded from challenging the evidence upon which the determination disposing of these charges is based (*see Matter of Ramirez v Goord*, 32 AD3d 601, 601 [2006]; *Matter of Cannon v Artus*, 18 AD3d 993, 994 [2005]). As for the charge of possessing departmental documents without authorization, the misbehavior report, together with petitioner's testimony in which he admitted to possessing such documents, provide substantial evidence supporting the determination of guilt (*see Matter of Adamson v Barto*, 37 AD3d 597, 598 [2007]; *Matter of Raqiyb v Goord*, 24 AD3d 1013, 1013 [2005]). Petitioner's assertion that he possessed the documents by accident presented a credibility issue for the Hearing Officer to resolve (*see Matter of Frejomil v LaClair*, 46 AD3d 1061, 1061 [2007]).

His remaining contentions are not preserved for our review.

Mercure, J.P., Rose, Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.