■ In the Matter of JEROME STALLONE, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [885 NYS2d 230]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, received two misbehavior reports, one charging him with drug possession and the other with drug use, and both arose from information provided by confidential informants. The first report followed a search of petitioner's cell during which marihuana was discovered and the second report arose from a positive drug test of petitioner's urine. Following separate tier III disciplinary hearings before the same Hearing Officer, petitioner was found guilty of both charges. Following unsuccessful administrative appeals, petitioner commenced separate CPLR article 78 proceedings, which were consolidated by Supreme Court. We now confirm both determinations.

Substantial evidence, in the form of the misbehavior reports, the positive test results and the hearing testimony of the authors of said reports and other correction officers, support the determinations finding petitioner guilty of drug possession and drug use (see Matter of Batts v Fischer, 60 AD3d 1129, 1129 [2009]; Matter of Davis v Prack, 58 AD3d 977, 977 [2009]). Turning to petitioner's procedural arguments, he was not entitled to question the confidential informants (see Matter of Griffith v Selsky, 32 AD3d 595, 596 [2006]; Matter of Alba v Goord, 6 AD3d 847, 847 [2004]). To the extent that petitioner also contends that the Hearing Officer was required to assess the veracity of the confidential informants, we reject that assertion because the determinations of guilt rested upon the discovery of marihuana in his cell and his positive drug test, respectively, and not from the confidential information (see Matter of Muller v Fischer, 62 AD3d 1191, 1191-1192 [2009]; Matter of Parrilla v Selsky, 32 AD3d 1086, 1087 [2006], lv denied 8 NY3d 803 [2007]). Finally, our review of the record reveals no evidence of hearing officer bias or that the determinations flowed from such

alleged bias (*see Matter of Cannon v Fischer*, 62 AD3d 1109 [2009]; *Matter of Parks v Smith*, 49 AD3d 1123, 1124 [2008]).

We have examined petitioner's remaining contentions and, to the extent preserved, find them to be unavailing.

Cardona, P.J., Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.