■ In the Matter of JONATHAN WHEELER-WHICHARD, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [896 NYS2d 483]—

After a frisk of his prison cell, petitioner was charged in a misbehavior report with, as relevant here, possession of gang-related materials, excess/altered items, prohibited items and unauthorized literature. Following a tier III disciplinary hearing during which petitioner pleaded guilty to the possession of excess clothing, he was found guilty of the remaining charges. His administrative appeal was unsuccessful, whereupon petitioner commenced the instant CPLR article 78 proceeding.

Initially, Supreme Court did not err in transferring the proceeding to this Court, inasmuch as petitioner raises a question regarding substantial evidence (*see Matter of Rivera v Fischer*, 57 AD3d 1063, 1064 [2008], *lv denied* 12 NY3d 705 [2009]). Turning to the merits, respondent concedes that substantial evidence does not exist in the record to support the determination insofar as it found petitioner guilty of possessing unauthorized literature and, therefore, that part of the determination must be annulled. Additionally, the matter must be remitted to respondent for a redetermination of the penalty inasmuch as it included the loss of good time (*see Matter of Gomez v Leclaire*, 53 AD3d 994, 995 [2008]; *Matter of Canzater-Smith v Selsky*, 28 AD3d 899, 899-900 [2006]).

With regard to the charges that petitioner possessed unauthorized organizational materials, the misbehavior report, the seized photographs and the testimony of a correction officer trained in recognizing gang-related materials provided substantial evidence that petitioner was in possession of materials depicting gang signs (*see Matter of Parks v Smith*, 49 AD3d 1123, 1123 [2008]; *Matter of Delos Santos v Goord*, 4 AD3d 709, 710 [2004]). Petitioner's denial that the hand signals in the pictures were gang related raised an issue of credibility for the Hearing Officer to resolve (*see Matter of Parks v Smith*, 49 AD3d at 1124). Furthermore, we reject petitioner's contention that he was improperly found guilty of violating 7 NYCRR 270.2 (B) (6) (iv) on the premise that he was not in possession of an updated

copy of the rule book and had not received a memorandum regarding the rule. At the hearing, petitioner introduced into evidence a copy of the rule book that he did possess, which similarly prohibited the possession of unauthorized organizational or gang materials pursuant to 7 NYCRR (B) (6) (former [iii]), a rule that he had been previously convicted of violating at least twice (*see Matter of Taylor v Poole*, 301 AD2d 712, 712-713 [2003]; *cf. Matter of Guerin v Miller*, 16 AD3d 799 [2005]). Additionally, the determination finding petitioner guilty of possessing an unauthorized item was supported by substantial evidence in the form of the detailed misbehavior report and petitioner's testimony that he, indeed, was in possession of a hard plastic mirror (*see Matter of Pertillar v Fischer*, 64 AD3d 1029, 1030 [2009]; *Matter of McMoore v Bezio*, 63 AD3d 1463, 1464 [2009], *lv denied* 13 NY3d 707 [2009]).

We find no evidence in the record to substantiate petitioner's claim of hearing officer bias or that the determination flowed from such alleged bias (*see Matter of Stallone v Fischer*, 65 AD3d 1410, 1410-1411 [2009]; *Matter of Cannon v Fischer*, 62 AD3d 1109 [2009]). Lastly, the intermittent gaps in the hearing transcript do not preclude meaningful review (*see Matter of McFadden v Venettozzi*, 65 AD3d 1401 [2009]; *Matter of Davis v Fischer*, 64 AD3d 847, 848 [2009], *lv denied* 13 NY3d 709 [2009]).

Petitioner's remaining contentions have been rendered academic or considered and found to be without merit.

Peters, J.P., Spain, Malone Jr., Kavanagh and Garry, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possession of unauthorized literature and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.