Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Following an investigation into the receipt of two letters of a personal nature received by a female commissary employee, petitioner, a prison inmate, received a misbehavior report charging him with harassing an employee, stalking, smuggling, lying and soliciting sex. A tier III disciplinary hearing ensued, after which petitioner was found guilty of all charges and was assessed various penalties, including the recommended loss of good time. Facility officials thereafter reduced the penalty assessed and, subsequently, the modified determination was administratively affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding.
*1155 Initially, the Attorney General concedes, and we agree, that there was insufficient evidence to sustain the charge that petitioner solicited sex. As such, the underlying determination must be annulled to that extent and, in light of the recommended loss of good time, we remit to respondent for a redetermination of the penalty imposed (see Matter of WheelerWhichard v Fischer, 69 AD3d 1286, 1286 [2010]; Matter of Gomez u Leclaire, 53 AD3d 994, 995 [2008]).
As for the balance of the charges, we find that the misbehavior report, the hearing testimony, the offending letters and the samples of petitioner’s handwriting provide substantial evidence supporting the determination of guilt (see Matter of Woodard v Prack, 64 AD3d 842, 843 [2009]; Matter ofKoehl v Fischer, 52 AD3d 1070, 1071 [2008], appeal dismissed 11 NY3d 809 [2008]). Contrary to petitioner’s contentions, we find that the Hearing Officer made an independent assessment of the letters and the handwriting samples and, as the trier of fact, was qualified to do so (see Matter of Mills v Fischer, 65 AD3d 1427 [2009]; Matter of Sweat v Fischer, 52 AD3d 1142, 1142 [2008]).
We have examined petitioner’s remaining contentions and find them" unavailing.
Cardona, EJ., Rose, Lahtinen, Stein and McCarthy, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of soliciting sex and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner’s institutional record and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.