■ In the Matter of MIGUEL HARVEY, Petitioner, v MARK BRADT, as Superintendent of Elmira Correctional Facility, et al., Respondents. [921 NYS2d 335]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

As the result of an investigation, petitioner's cell was searched and a number of letters containing gang-related references were confiscated. Petitioner was then charged in a misbehavior report with possessing gang-related materials. He was found guilty of the charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and letters that were confiscated, together with the testimony of the correction officer who authored the report and was trained in identifying gang-related materials and petitioner's admission to possessing the letters, provide substantial evidence supporting the determination of guilt (*see Matter of Pettus v New York State Dept. of Correctional Servs.*, 73 AD3d 1411, 1411 [2010]; *Matter of Moore v Fischer*, 63 AD3d 1401, 1401 [2009]). Although petitioner maintains that the references in the letters were to slang and were not gang-related, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Wheeler-Whichard v*

*Fischer*, 69 AD3d 1286, 1286 [2010]; *Matter of Glover v Fischer*, 68 AD3d 1404 [2009]). Furthermore, while petitioner claims that he was improperly denied two witnesses who would testify that the search of his cell occurred at a time different than that set forth in the misbehavior report, their testimony would have been irrelevant to the charge at issue given that petitioner admitted to possessing the letters containing the objectionable references (*see Matter of Moore v Fischer*, 76 AD3d 737, 738 [2010]). Likewise, we reject petitioner's assertion that he was denied a fair and impartial hearing inasmuch as the record does not reveal that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Parra v Fischer*, 76 AD3d 724, 725 [2010], *lv denied* 15 NY3d 714 [2010]; *Matter of Parks v Smith*, 49 AD3d 1123, 1124 [2008]). Petitioner's remaining contentions have either not been preserved for our review or are lacking in merit.

Cardona, P.J., Peters, Malone Jr., Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.