Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.
A female correction officer was working the control room when petitioner approached, asked her for a pair of scissors, told her that he needed to speak with her and pointed to a folded piece of paper in the door hatch. The paper, which was not there before petitioner approached, was a note written by a “secret admirer” professing his affection for the officer and asking her *1158 to write him back. The officer notified her sergeant who, in turn, spoke to petitioner about the note, which he admitted to writing. As a result, petitioner was charged in a misbehavior report with stalking, interfering with an employee and harassment. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. On administrative appeal, the charges of stalking and interfering with an employee were dismissed, but the harassment charge was upheld. This CPLR article 78 proceeding ensued.
We confirm. The detailed misbehavior report, together with the testimony of the female officer and the officers present when petitioner admitted to writing the note, provide substantial evidence supporting the determination of guilt (see Matter of Shelter v Bezio, 93 AD3d 958, 958-959 [2012]; Matter of Monroe v Fischer, 87 AD3d 1300, 1301 [2011]). Contrary to petitioner’s claim, his conduct was clearly proscribed by the disciplinary rule governing harassment as it prohibits inmates from, among other things, “communicating messages of a personal nature to an employee” (7 NYCRR 270.2 [B] [8] [ii]; see Matter of Monroe v Fischer, 87 AD3d at 1301). Although petitioner denied writing the note, his testimony presented a credibility issue for the Hearing Officer to resolve (see Matter of Moore v New York State Dept. of Correctional Servs., 50 AD3d 1350, 1351 [2008]). Petitioner’s claim that the Hearing Officer denied him the opportunity to thoroughly question the female officer is belied by the record. Likewise, there is no merit to his assertion that the correction sergeant who interviewed him should not have endorsed the misbehavior report given that this individual had personal knowledge of facts relevant to the incident, namely, petitioner’s admission to writing the note (see 7 NYCRR 251-3.1 [b]; compare Matter of Nunez v Unger, 93 AD3d 986, 987 [2012]). Petitioner’s remaining contentions have been considered and are unpersuasive.
Peters, PJ., Spain, Malone Jr., Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.