■ In the Matter of RICKY LAND, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [953 NYS2d 408]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. He was found guilty of the charge at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Petitioner argues that he was not provided with proper notice of the disciplinary charge of which he was found guilty.* In support of his claim, he points to the fact that the request for urinalysis form incorrectly stated that the test was random when, in fact, it was disclosed at the hearing that it was based upon confidential information. The request for urinalysis form, however, also stated that it was based upon "information received in the captain's office," thereby giving petitioner an indication that it was premised upon confidential information. In any event, the disciplinary rule at issue prohibits inmates from using controlled substances (see 7 NYCRR 270.2 [B] [14] [xiv]) and the circumstances leading correction officials to test petitioner's urine were irrelevant to the determination of guilt (see Matter of Delvalle v Coughlin, 188 AD2d 812 [1992]; see also Matter of Shabazz v Coughlin, 212 AD2d 923 [1995]). More critically, the misbehavior report provided petitioner with proper notice of the charge by setting forth the details necessary for him to prepare an adequate defense (see Matter of Quezada v Fischer, 85 AD3d 1462, 1462 [2011]; Matter of Gomez v Fischer, 70 AD3d 1076 [2010]). Petitioner's remaining claim has not been preserved for our review, having been raised for the first time in his reply brief. Accordingly, we find no reason to disturb the determination of guilt.

---

* Insofar as the verified petition raised a question of substantial evidence, petitioner has abandoned that claim by not raising it in his brief (see Matter of McDonald v Fischer, 93 AD3d 969, 969 n [2012]).

Mercure, J.P., Rose, Malone Jr., Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

