In the Matter of EDWIN TORO, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [960 NYS2d 754]—

Spain, J. Appeal from a judgment of the Supreme Court (McGrath, J.), entered March 16, 2012 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was served with a misbehavior report charging him with making threats, extortion and gang activity. The charges arose from an incident in which petitioner allegedly threatened another inmate, telling him that if he did not repay certain debts accrued by an associate, petitioner was going to kill him and that he was a "dead man walking." At the ensuing tier III disciplinary hearing, the correction officer who authored the misbehavior report testified that the incident date was listed as April 19, 2011—the date on which the threatened inmate had requested protective custody—but made it clear that the threat incident for which petitioner had been charged was alleged to have taken place on March 14, 2011. When that information was revealed, the Hearing Officer adjourned the hearing to allow petitioner to call additional witnesses and to further prepare his defense. When the hearing recommenced, the Hearing Officer informed petitioner that his requested inmate witnesses had refused to testify. Petitioner was found guilty of all charges at the conclusion of the hearing and, upon administrative appeal, the determination was modified to dismiss the charge of gang activity and the penalty was reduced accordingly. Petitioner thereafter commenced this CPLR article 78 proceeding. Supreme Court dismissed petitioner's application in a written decision, prompting this appeal.

Petitioner first contends that he was deprived of due process inasmuch as the misbehavior report did not specify the date on which the threat incident was alleged to have taken place. We disagree. Adequate notice is provided when a misbehavior report sets forth the rule violations alleged and the conduct providing a basis for the charges, so as to enable the preparation of a defense (*see Matter of Williams v Fischer*, 93 AD3d 1051, 1052 [2012]; *Matter of Grant v Prack*, 86 AD3d 885, 886 [2011]; *see also* 7 NYCRR 251-3.1 [c]). Here, the misbehavior report specified that petitioner was being accused of threats and extortion and provided specific details about the incident for which petitioner was being charged, including the name of the inmate who petitioner threatened, the inmates with whom petitioner conspired, the place where the threat was made and the specific words that petitioner used. Accordingly, we find the misbehavior report was sufficiently specific to apprise petitioner of the charges and allow him to prepare a meaningful defense (*see Matter of Brisman v Fischer*, 92 AD3d 1060, 1061 [2012], *lv denied* 20 NY3d 852 [2012]; *Matter of Gittens v New York State Dept. of Correctional Servs.*, 87 AD3d 1194, 1195 [2011]). Notably, after the precise date of the alleged threat incident was clarified during the hearing, the Hearing Officer twice adjourned to allow petitioner to meet with his inmate assistant and to call additional witnesses, gather documentary evidence and prepare his defense, which, under the circumstances of this case, ameliorated any claim of prejudice.

Finally, petitioner's argument that he was denied the right to call witnesses is unpreserved for our review inasmuch as he failed to object during the hearing when informed that they had executed witness refusal forms, and he further failed to raise the issue in his administrative appeal (*see Matter of Taylor v Fischer*, 89 AD3d 1298, 1299 [2011]).

Peters, P.J., Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.