Smith v. Pallito, No. 184-7-12 Cacv (Teachout, J., May 22, 2013)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

**SUPERIOR COURT**                                                                  **CIVIL DIVISION**
**Caledonia Unit**                                                                  **Docket # 184-7-12 Cacv**


**Albert Smith**
    **Plaintiff**


  **v.**


**Andrew Pallito, Commissioner,**
**Vermont Department of Corrections**
    **Defendant**


## DECISION
## Cross Motions for Summary Judgment

Plaintiff Albert Smith is an inmate in the custody and control of the Commissioner of the Vermont Department of Corrections (DOC). He seeks review of his conviction for violating a disciplinary rule, arguing that because the officer who reported the violation was absent from his disciplinary hearing, his due process rights were violated and his conviction should be expunged. Both Mr. Smith and the DOC have moved for summary judgment.

### Facts

The following facts are undisputed by the parties. On June 8, 2012, Mr. Smith was an inmate at Northeast Correctional Complex in St. Johnsbury. His cell was selected for a random search that day by correctional officers Meaghan Jeffrey and Bruce Boucher. In the pocket of some pants that were in the cell, the officers discovered a small amount of a substance they believed to be marijuana. Officer Jeffrey asked who owned the pants, and Mr. Smith said that the pants were his. The officers tested the substance and found that it contained the active ingredient in marijuana. They reported Mr. Smith for violating major disciplinary rule A-19, which prohibits possession of marijuana in the facility.

On his notice of hearing form, Mr. Smith requested that Officer Jeffrey be present at his disciplinary hearing. However, Officer Jeffrey did not attend the hearing. The hearing report form does not indicate why she was absent.

At the hearing, Officer James Hurley presented as evidence the written reports of the charging officers, the report of the investigating officer, a chain of custody document and two photographs of the marijuana discovered in Mr. Smith's cell. Mr. Smith stated briefly that he does not smoke marijuana and denied introducing the marijuana to his shared cell. He said that when Officer Jeffrey asked him if the pants were his, he mistakenly thought they were. The entire recorded portion of the hearing lasted approximately five minutes. Neither Mr. Smith, his hearing assistant, nor the hearing officer mentioned or explained why Officer Jeffrey was absent. No witnesses testified except for Mr. Smith.

The hearing officer found Mr. Smith guilty of possession of marijuana. He sentenced Mr. Smith to 14 days of early lockup and suspended his visiting privileges for 30 days. The disciplinary committee affirmed the conviction.

Mr. Smith timely appealed to the facility superintendent on the grounds that he specifically requested that Officer Jeffrey be present and she failed to attend. He stated that he would have asked her about the pants she found, as he learned that they were size 34-32 and he wears size 31-30. The superintendent denied his appeal on the grounds that Mr. Smith failed to ask for a continuance at the hearing, stating that "not every witness is reasonably available and therefore their written testimony will be used." Mr. Smith then filed suit in this Court for review of the DOC's decision pursuant to V.R.C.P. 75.

### Conclusions of Law

As a threshold matter, the fact that Mr. Smith has already served his punishment does not render moot his request for expungement of the disciplinary violation from his record. Mr. Smith is entitled to have an institutional record free from improperly obtained findings of disciplinary violations. See *LaFaso v. Patrissi*, 161 Vt. 46, 51–52 (1993) (holding that prisoner has "highly important interest" in not being unjustly disciplined, and discussing direct and indirect consequences of disciplinary record); *Pena v. Goord*, 694 N.Y.S.2d 787, 788 (N.Y. App. Div. 1999) (prisoner's appeal from finding that he violated disciplinary rule not moot even though prisoner had been released from custody).

Rule 75 review of governmental action is available to address legal issues necessary to determine whether a governmental body has followed the requirements of law and its own duly adopted administrative requirements.

The issue in this case is whether the DOC improperly denied Mr. Smith the right to confront the officer who reported him for possession of marijuana. Under Vermont law, inmates charged with violating disciplinary rules have the right to confront the reporting officer at a fact-finding hearing, "subject to reasonable rules." 28 V.S.A. § 852(b)(2). Inmates also have the right—subject to reasonable rules—to call and question any available witness who has relevant knowledge of the incident. 28 V.S.A. § 852(b)(3). Officer Jeffrey was both the reporting officer and a witness with relevant knowledge in this case.

The DOC has created rules to administer disciplinary hearings. If a witness is not available to attend a scheduled hearing, the inmate may request a continuance. Vt. Admin. Code 12-8-13:2(c). In addition, DOC Policy Directive 410.01 § 6(c) states:

> If any requested witness(es) (including the Reporting Officer) did not testify or did not appear at the hearing for any reason, the Hearing Officer will state the reasons why on the hearing recording and in the written report, noting in the report the forms of alternative testimony used. Witnesses may provide testimony using alternate forms of communication when they cannot be present at the hearing (e.g. . . . written statement).

The hearing officer in this case did not investigate or explain why Officer Jeffrey was absent either at the hearing or in his written report. No effort was made at the hearing to obtain Officer Jeffrey's testimony. Moreover, the hearing officer did not state what alternative forms of testimony were used, despite the fact that there were designated spaces on the hearing report form for this specific information.

Policy Directive 410.01 § 6(c) is not an empty formality; it defines the procedure to be followed to implement the prisoner's procedural rights as specifically required by the statute: "The inmate shall have an opportunity subject to reasonable rules to confront the person bringing the charge." 28 V.S.A. § 852(b)(2). A prisoner charged with violating a disciplinary rule has the right to confront the reporting officer and to call available witnesses subject to DOC rules, and DOC rules require that the hearing officer must have a reasonable basis for denying that right. Requiring the hearing officer to note and explain the reasons for the absence of a witness helps to create a record for appeal and also gives the inmate a chance to object and ask for a continuance. "A prisoner has a constitutionally protected interest in disciplinary hearings that are not so lacking in procedural safeguards that they create substantial doubt that these prisoners committed the offenses for which they were disciplined." *Herring v. Gorczyk*, 173 Vt. 240, 245 (2001) (quotation omitted).

Ensuring compliance with the statutory requirements of 28 V.S.A. 852 and carrying out duly adopted procedural rules are not acts about which a hearing officer has discretion. They are simple and definite ministerial duties. Rule 75 review is available "so long as review would have been available under any one of the extraordinary writs, such as mandamus, scire facias, prohibition, quo warranto, and certiorari." *Vt. State Emps.' Ass'n v. Vt. Criminal Justice Training Council,* 167 Vt. 191, 195 (1997). "Generally, the purpose of mandamus is to require a public officer to perform a simple and definite ministerial duty imposed by law." *Id.*

This case underlines the importance of the rule. Because there is no oral or written record explaining Officer Jeffrey's failure to attend the hearing, the Court cannot determine if her absence was legitimate. There is no indication that Mr. Smith knew prior to the hearing that Officer Jeffrey would be absent, such that he would have been able to request a continuance ahead of time. While it is true that he could have orally requested a continuance, his failure to do so does not excuse the hearing officer's failure to follow the rules. In sum, there is no justification for the DOC's denial of Mr. Smith's right to call and confront Officer Jeffrey. Under the circumstances, the Court concludes that the DOC's failure to comply with its own rules violated Mr. Smith's right to due process. While a prisoner is not entitled to the "full panoply of rights" accorded to criminal defendants, "what remains of the prisoner's due process rights may not be dismissed absent a more compelling justification." *Herring*, 173 Vt. at 248.

As Mr. Smith has already served the punishment, it does not make sense to remand the case for a new hearing at which proper procedures are followed. Since the DOC's action violated Mr. Smith's rights to call witnesses and confront the officer who reported him, remedies are limited; the Court finds that expungement of the disciplinary record is warranted. See *Herring*, 173 Vt. at 249.

**ORDER**

For the foregoing reasons,

1. Plaintiff's motion for summary judgment is *granted*,

2. Defendant's motion for summary judgment is *denied*, and

3. The DOC is ordered to expunge Mr. Smith's disciplinary conviction of June 14, 2012.


Dated at St. Johnsbury, Vermont this 22nd day of May, 2013.


_____
Mary Miles Teachout
Superior Judge