■ In the Matter of JESSE POE, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [967 NYS2d 510]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with making threats, extortion and making an unauthorized exchange after an investigation revealed that he had taken a fellow inmate's watch as a partial payment for debts owed to him and threatened that inmate with bodily harm if he failed to completely pay off the debt. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and that determination was upheld administratively. Petitioner thereafter commenced this CPLR article 78 proceeding.*

We confirm. Petitioner argues that he was deprived of due

* Although the proceeding should not have been transferred inasmuch as the petition does not raise a question of substantial evidence, we nevertheless will retain jurisdiction and address the merits in the interest of judicial economy (*see Matter of Riley v Fischer*, 58 AD3d 976, 976 [2009]).

process inasmuch as the misbehavior report did not reflect the date upon which the alleged threats, extortion and unauthorized exchange took place. We disagree. "Adequate notice is provided when a misbehavior report sets forth the rule violations alleged and the conduct providing a basis for the charges, so as to enable the preparation of a defense" (*Matter of Toro v Fischer*, 104 AD3d 1036, 1037 [2013] [citations omitted]; *see Matter of Land v Fischer*, 100 AD3d 1170, 1170 [2012]). Here, the misbehavior report, which was based upon confidential information, set forth sufficient details in order to apprise petitioner of the charges and enable him to prepare a defense (*see Matter of Hayward v Fischer*, 101 AD3d 1308, 1309 [2012]; *Matter of Taylor v Fischer*, 74 AD3d 1677, 1677 [2010]). Further, after the date of the alleged incident was clarified during the hearing, the Hearing Officer offered petitioner another opportunity to meet with his inmate assistant, thereby negating any claim of prejudice (*see Matter of Toro v Fischer*, 104 AD3d at 1037). Finally, there is no support in the record for petitioner's claim that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Smith v Prack*, 98 AD3d 1180, 1180 [2012]; *Matter of Bunting v Fischer*, 98 AD3d 1154, 1154 [2012]).

Rose, J.P., Lahtinen, Spain and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.