■ In the Matter of ANDRE BOYD, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [969 NYS2d 251]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with possessing gang-related material and possessing contraband after a search of his cell revealed numerous photographs, writings and drawings containing known gang signs, references and terminology. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. The determination was affirmed on administrative appeal and petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report and the testimony of a correction officer trained in recognizing gang-related materials provided substantial evidence supporting the determination of guilt (see *Matter of Wheeler-Whichard v Fischer*, 69 AD3d 1286, 1286 [2010]; *Matter of Glover v Fischer*, 68 AD3d 1404, 1404 [2009]). The officer testified that certain photographs, drawings and writings found in petitioner's cell contained gang references and terminology. Petitioner's testimony to the contrary created a credibility issue for the Hearing Officer to resolve (see *Matter of Henry v Fischer*, 98 AD3d 1157, 1158 [2012]; *Matter of*

*Sealey v Bezio*, 95 AD3d 1577, 1578 [2012]). Although petitioner argues that the photographs found in his cell were exempt from the disciplinary rule, he failed to produce proof substantiating his claim and, in any event, the other confiscated materials were sufficient to support the finding of guilt. Contrary to petitioner's contention, the misbehavior report provided adequate notice of the charges to allow him to prepare a meaningful defense (*see Matter of Toro v Fischer*, 104 AD3d 1036, 1037 [2013]; *Matter of Booker v Fischer*, 102 AD3d 1045, 1046 [2013]). Further, the Hearing Officer did not err in denying petitioner's request for a witness that could not provide relevant or material proof (*see Matter of Colon v Fischer*, 98 AD3d 1176, 1177 [2012], *lv denied* 20 NY3d 857 [2013]; *Matter of Amaker v Bezio*, 98 AD3d 1146, 1146 [2012]). Petitioner's remaining claims have been examined and found to be without merit.

Peters, P.J., Rose, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.