◼ In the Matter of SHAWN DOYLE, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [982 NYS2d 203]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

When a search of petitioner's prison cell revealed a black wristband with a white "1%er" insignia, he was charged in a misbehavior report with possession of gang-related material. Following a tier III disciplinary hearing, petitioner was found guilty of the charge and that determination was affirmed on administrative appeal, prompting this CPLR article 78 proceeding.

We confirm. The misbehavior report, contraband receipt and testimony of both petitioner and the prison official trained in recognizing gang-related materials provide substantial evidence to support the determination of guilt (*see Matter of Scott v Fischer*, 109 AD3d 1066, 1066-1067 [2013]; *Matter of Boyd v Fischer*, 108 AD3d 995, 995 [2013]). We reject petitioner's contention that he was improperly denied his right to observe the search of his cell; he testified that he was not present when the search began and, by the time he returned, the wristband had already been discovered (*see Matter of Johnson v Fischer*, 109 AD3d 1070, 1071 [2013]; *Matter of Mitchell v Fischer*, 81 AD3d 1013, 1014 [2011]). Likewise, petitioner was not improperly denied documentary evidence in the form of a training certificate, inasmuch as it would have been redundant to the official's testimony that he had engaged in extensive training over the past 10 years in the recognition of gang-related materials (*see Matter of Barnes v Prack*, 101 AD3d 1277, 1278 [2012]; *Matter of Gomez v Fischer*, 74 AD3d 1399, 1400 [2010], *lv dismissed* 15 NY3d 858 [2010]). The remainder of petitioner's contentions are either unpreserved by his failure to raise them during the hearing or have been examined and found to be without merit.

Peters, P.J., McCarthy, Garry and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.