Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of THC. Following a hearing, he was found guilty, and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.*
We confirm. Petitioner’s claim that he was not provided the underlying reason why he was ordered to submit a urine specimen is without merit. The request for urinalysis form states that the request arose from information provided by a confidential informant, thereby alerting petitioner that he was not selected for a random or routine test (see Matter of Land v Fischer, 100 AD3d 1170, 1170 [2012]). Further, inasmuch as the determination of guilt was not based upon the confidential information, the circumstances which resulted in the test were irrelevant (see id.), and it was unnecessary for the Hearing Offi *1262 cer to assess the credibility of the confidential source (see Matter of Daniel v Fischer, 86 AD3d 892, 892 [2011]; Matter of Stallone v Fischer, 65 AD3d 1410, 1410 [2009], lv denied 13 NY3d 712 [2009]). Petitioner’s remaining claims, to the extent that they are properly before us, have been examined and found to be unavailing.
Lahtinen, J.P., McCarthy, Rose and Egan Jr., JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.

 Although this proceeding was improperly transferred, as no issue of substantial evidence was raised in the petition, we will retain jurisdiction and address the merits in the interest of judicial economy (see Matter of Poe v Fischer, 107 AD3d 1251, 1251 n [2013]).