Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Rensselaer County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with violating various prison disciplinary rules after a search of his prison cell disclosed, among other things, gang-related items. He was found guilty of possessing gang-related material following a tier III disciplinary hearing, and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and hearing testimony, including that of a prison official with experience in identifying gang-related materials, provide substantial evidence to support the determination of guilt (see Matter of Doyle v Prack, 115 AD3d 1110, 1111 [2014], lv denied 23 NY3d 907 [2014]; Matter of Boyd v Fischer, 108 AD3d 995, 995 [2013]). Petitioner contends that several confiscated items had been reviewed by the mail room at his previous facility without incident but, even if true, “this would not alter the fact that The material is nonetheless prohibited by the prison disciplinary rule’ ” (Matter of Madison v Fischer, 108 AD3d 959, 960 [2013], quoting Matter of Smith v Fischer, 100 AD3d 1314, 1314 [2012]). The record further establishes that the hearing was commenced and completed in a timely manner and that proper extensions were obtained (see Matter of Shepherd v Fischer, 111 AD3d 1213, 1214 [2013], lv denied 22 NY3d 864 [2014]). We have considered petitioner’s remaining contentions, including that the Hearing Officer was biased and that all of an offending pamphlet had previously *1467 been approved through the media review process, and find them to lack merit.
Stein, J.E, McCarthy, Garry, Lynch and Clark, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.