*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 18, 2014          518205
_____

In the Matter of MICHAEL LEE,
                    Petitioner,

        v                                MEMORANDUM AND JUDGMENT

DEPARTMENT OF CORRECTIONAL
    SERVICES et al.,
                    Respondents.
_____

Calendar Date:  August 4, 2014

Before:  Lahtinen, J.P., Stein, Rose, Egan Jr. and Devine, JJ.

_____

        Michael Lee, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondents.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

        As petitioner was returning to his cell from the academic school area of the prison, he was found to be carrying a handwritten description of how to build an explosive device.  He was accordingly charged in a misbehavior report with possessing both contraband and material concerning the construction or use of a explosive device, as well as smuggling.  After a subsequent search of his cell disclosed additional documents pertaining to bombs and bomb making, as well as an item that resembled an explosive device, petitioner was charged in a second misbehavior report with possessing an apparently dangerous instrument,

contraband and material concerning the construction or use of an explosive device.  Following a tier III disciplinary hearing on both reports, petitioner was found guilty as charged.  The determination was affirmed in relevant part upon administrative appeal, prompting this CPLR article 78 proceeding.

Contrary to petitioner's contention, the documents that formed the basis for several of the charges against him were included in the record before the Hearing Officer.  Those documents and other confidential correspondence, as well as the detailed misbehavior reports and hearing testimony, provide substantial evidence to support the determination of guilt (see Matter of Towles v Selsky, 12 AD3d 737, 738 [2004], lv denied 4 NY3d 706 [2005]; Matter of Knickerbocker v Goord, 276 AD2d 1008, 1009 [2000]).  We are unpersuaded by petitioner's additional contention that, in imposing a penalty, the Hearing Officer improperly considered the heightened impact that the discovery of bomb-related materials could have upon the atmosphere in the facility given that the Boston Marathon bombing had recently occurred (see 7 NYCRR 250.2 [b] [3]; see e.g. Arteaga v State of New York, 72 NY2d 212, 217-218 [1988]).

Lahtinen, J.P., Stein, Rose, Egan Jr. and Devine, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court