Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
After a sample of petitioner’s urine twice tested positive for the presence of synthetic marihuana, he was charged in a misbehavior report with use of an intoxicant. Following a tier III disciplinary hearing, petitioner was found guilty, and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, hearing testimony and positive test results and supporting documentation provide substantial evidence to support the determination of guilt (see Matter of Roman v Prack, 133 AD3d 959, 960 [2015]; Matter of Ralands v Prack, 131 AD3d 1334, 1335 [2015]). Moreover, the documentary evidence and testimony from the correction officer who performed the urinalysis established the chain of custody and adherence to proper testing procedures (see Matter of Roman v Prack, 133 AD3d at 960; Matter of Cobb v Yelich, 118 AD3d 1235, 1236 [2014]). Contrary to petitioner’s contention, the record reveals that he was timely served with notice of the charge against him (see 7 NYCRR 254.6 [a] [1]; Matter of Williams v Goord, 13 AD3d 760, 761 [2004]).
*1094 Petitioner’s claim that he was denied adequate assistance because he was not provided with a copy of the instruction manual for the testing equipment is without merit, as he was provided with ample opportunity to review the manual and he was not entitled to a copy of it (see Matter of Morrishill v Prack, 120 AD3d 1474, 1474 [2014], lv granted 24 NY3d 914 [2015]). Finally, meaningful review is not precluded despite gaps in the hearing transcript (see Matter of Simmons v Prack, 132 AD3d 1217, 1217 [2015]).
Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.