Matter of Quiroz v Venettozzi (2018 NY Slip Op 03791)





Matter of Quiroz v Venettozzi


2018 NY Slip Op 03791


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

525646

[*1]In the Matter of JOE QUIROZ, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: April 3, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Aarons, JJ.


Joe Quiroz, Sonyea, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
As the result of an authorized mail watch, a letter written by petitioner containing gang-related references was intercepted and confiscated. As a result, petitioner was charged in a misbehavior report with possessing gang-related material and violating facility correspondence procedures. Following a tier III disciplinary hearing, he was found guilty as charged. That determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
"Preliminarily, although petitioner reached his maximum expiration date and has been discharged from custody, this proceeding is not moot because petitioner is entitled to have an institutional record free from improperly obtained findings of disciplinary rule violations" (Matter of Bornstorff v Bezio, 73 AD3d 1397, 1397 [2010] [internal quotation marks and citation omitted]; see Matter of Pena v Goord, 263 AD2d 690, 690-691 [1999]; Matter of Walker v Senkowski, 260 AD2d 830, 831 [1999]). As to the merits, substantial evidence, consisting of the misbehavior report, testimony adduced at the hearing and documentary evidence, supports the determination of guilt (see Matter of Gonzalez v Annucci, 149 AD3d 1455, 1455 [2017]; Matter of Doyle v Prack, 115 AD3d 1110, 1111 [2014], lv denied 23 NY3d 907 [2014]; Matter of [*2]Harvey v Bradt, 81 AD3d 1003, 1003 [2011]). The inmate grievance supervisor, who is trained in identifying gang-related material, testified that certain phrases in the letter referred to, among other things, the top and local leadership of a certain gang and that the five-pointed star symbol found in the letter represented the five pillars of the gang. Although petitioner contends that the references in the letter were to biblical references and were not gang-related, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Harvey v Bradt, 81 AD3d at 1003; Matter of Moore v Fischer, 76 AD3d 737, 737 [2010]; Matter of Glover v Fischer, 68 AD3d 1404, 1404 [2009]).
Contrary to petitioner's contention, the misbehavior report provided sufficient information to place him on notice of the charges and afford him an opportunity to prepare a defense (see 7 NYCRR 251-3.1 [c]; Matter of Williams v Fischer, 93 AD3d 1051, 1052 [2012]). We also reject petitioner's related claim that he did not have adequate notice of the charges because he was not served with a copy of the misbehavior report at least 24 hours prior to the start of the hearing. Upon petitioner's objection at the start of the hearing, the Hearing Officer twice adjourned the hearing for a total of five days to allow petitioner to be re-served with a copy of the misbehavior report and to provide him with several days to prepare a defense. Under these circumstances, we find that petitioner has failed to demonstrate that he was prejudiced by the alleged error and that he was provided with sufficient notice of the charges to enable him to prepare a defense (see Matter of McClain v Venettozzi, 146 AD3d 1264, 1265 [2017]; Matter of McMaster v Annucci, 138 AD3d 1289, 1290 [2016], lv denied 28 NY3d 902 [2016]). We have examined petitioner's remaining procedural contentions, including his claim that the hearing was untimely, and find them to be either unpreserved or without merit.
Egan Jr., J.P., Lynch, Clark, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.